Lawrence E. Henke
David Vicevich
Vicevich Law
3738 Harrison Ave.
Butte, MT 59701
Telephone: (406) 782-1111
larry@vicevichlaw.com
dave@vicevichlaw.com
*Attorneys for Plaintiff*



FILED

FEB 2 4 2023

By_____ Tom Powers, Clerk
Deputy Clerk
$120°°

## MONTANA SECOND JUDICIAL DISTRICT COURT
## IN AND FOR SILVER BOW COUNTY

| | |
|---|---|
| IMPERIAL INV GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE and<br>OHIO SECURITY INSURANCE COMPANY,<br><br>Defendants. | Cause No. DV-23-59<br>ROBERT J WHELAN<br>JUDGE DEPT. II<br>**COMPLAINT**<br><br>SUMMONS ISSUED |

COMES NOW the Plaintiff, Imperial Inv Group LLC, by and through its counsel of record,

Lawrence E. Henke, and for its Complaint against Defendants Liberty Mutual Insurance and Ohio

Security Insurance Company, asserts and alleges as follows:

### PARTIES

1. At all times relevant the Plaintiff, Imperial Inv Group LLC, is a Washington limited liability

   company with its principal place of business at 16632 SE 262nd Place, Covington, WA 98042.

2. At all times relevant Defendant Liberty Mutual Insurance ("Liberty Mutual") is a Massachusetts

   insurance company with its principal place of business at 175 Berkley Street, Boston, MA 02116.

3. Liberty Mutual can be served through its registered agent, Corporation Service Company, 26

   West 6th Avenue, Helena, MT 59601.

**COMPLAINT**                                                                 **Page 1 of 5**

4. At all times relevant Ohio Security Insurance Company ("Ohio Security") was a New Hampshire insurance company with its principal place of business at 100 Liberty Way, Dover, NH 03820.

5. Ohio Security can be served through its registered agent, Corporation Service Company, 26 West 6th Avenue, Helena, MT 59601.

## VENUE

6. Venue is proper in Silver Bow County pursuant to MCA Title 25, Chapter 2, §§ 25-2-122 (1)(b), and/or 25-2-122(2)(a) and (b).

## FACTUAL BACKGROUND

7. Imperial Inv Group ("Imperial") is a limited liability company which holds a portfolio of properties, including several hotels.

8. One of Imperial's hotels is a Red Lion Inn & Suites ("Red Lion") located at 122005 Nissler Road, Butte, MT 59701.

9. In operating its businesses, Imperial has a variety of insurance policies to protect its assets and stave off potential business losses.

10. One of those policies is a Commercial General Liability policy, number BKS (21) 59 31 39 43 issued by Liberty Mutual, with coverage provided by Ohio Security (hereinafter "the Policy").

11. The Policy specifically identifies the Red Lion at 122005 Nissler Road in Butte as the covered property.

12. The Policy included coverage for a variety of losses, including for property damage and loss of business.

13. On or about December 31, 2020, Red Lion experienced an accidental water damage event that caused property damage.

14. Imperial timely notified the Liberty Mutual of the loss, and coverage was confirmed.

15. In addition to property damage coverage, Imperial maintained a business loss insurance policy, providing interim reimbursement to Imperial for the loss of business caused by a covered loss.

16. The property damage to the Red Lion consisted of extensive water damage remediation and reconstruction.

17. The repair and remediation work required that the entire west wing, all three floors, of Red Lion be shut down and isolated from public access or use. This shut down reduced Red Lion's rentable capacity by 50 percent.

18. Per the policy terms, Liberty Mutual and Ohio Security ("Insurers") were responsible for not only the property damage remediation, but also to provide loss of business payments to Imperial.

19. Red Lion (Imperial) is a lost volume business, which averages an 80 percent capacity and occupancy rate.

20. In or about January 2022, Imperial timely made a claim for business losses; it has made all premium payments under the policy providing coverage for lost business due to a covered claim.

21. The Insurers have failed to provide prompt payment for the business losses.

22. The Insurers have engaged in bad faith claims settlement practices.

## CLAIMS AND CAUSES OF ACTION

### Count 1 – Breach of Contract

23. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

24. Plaintiff was the principal and beneficiary of a contract of insurance issued to Plaintiff by Defendants.

25. Plaintiff performed its side of the contract by making all required premium payments to

Defendants.

26. Plaintiff timely made a claim for insurance coverage and benefits arising out of the December 2020 water damage event.

27. Defendants breached that contract by failing to timely and fully pay costs and fees incurred by Plaintiff for a claim filed under that policy.

28. Plaintiff has suffered damages in an amount to be proven at trial, but no less than $290,000.00 (Two Hundred Ninety Thousand Dollars).

29. Additionally, Plaintiff is entitled to an award of attorney fees under M.C.A. § 33-18-242.

### Count 2 – Unfair claim settlement practices

30. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

31. M.C.A. § 33-18-201 provides 14 acts an insurer is prohibited from taking when a claim is filed by an insured.

32. The overarching theme in the statute is that insurers are required to conduct reasonable investigations of claims filed and to timely defend against claims on behalf of the insured when coverage is triggered.

33. In that regard, the duty to defend is independent from and broader than the duty to indemnify created by the same insurance contract.

34. Defendants were provided the claim in a timely manner.

35. Defendants accepted the claim, which was not excluded from the policy, but have failed to provide the financial benefits provided for under the policy.

36. Defendants' actions in the claim denial violated M.C.A. § 33-18-201, *et seq.*

37. Plaintiff has suffered economic damages in an amount to be proven at trial.

38. Additionally, Plaintiff is entitled to an award of attorney fees under M.C.A. § 33-18-242.

## EXEMPLARY DAMAGES

39. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

40. Defendants acted with actual malice and/or actual fraud in their handling of Plaintiff's insurance

claim, entitling it to punitive damages under M.C.A. §§ 27-1-221 and 33-18-242.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.  General damages in an amount to be determined at trial;

B.  Special damages in an amount to be determined at trial;

C.  Economic damages associated with the partial claim payment delay;

D.  Consequential damages for the loss of use of monies resulting from the unnecessary

delays and conduct of the insurer;

E.  Punitive damages in an amount to be determined by the jury;

F.  Reasonable costs incurred in the prosecution of these claims;

G.  Reasonable attorney's fees incurred by Plaintiff in the prosecution of his claim; and

H.  For any and all other relief which the Court deems just and proper.

DATED this 24th day of February, 2023.

/s/ *LAWRENCE E. HENKE*
LAWRENCE E. HENKE
Attorneys for Plaintiff